UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                        SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No. 07-20299

v.

                              HON. MARIANNE O. BATTANI

SAJEED AHMED,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND GRANTING THE GOVERNMENT'S MOTION FOR RECONSIDERATION

      Before the Court is Defendant Sajeed Ahmed's motion to reconsider the Court's dismissal of the indictment without prejudice. (Doc. 18). The Court also has received the government's response to Defendant's motion to dismiss, which concedes that, if the indictment should be dismissed, it should be dismissed with prejudice. (Doc. 23). The government goes on to argue that the indictment should not have been dismissed and asks the Court to reinstate the indictment. Accordingly, the Court construes the government's response as a motion for reconsideration. For the reasons discussed below, the Court **DENIES** Defendant's motion for reconsideration and **GRANTS** the government's motion for reconsideration.

## II. STATEMENT OF FACTS

On June 30, 2006, Customs and Border Protection (CBP) agents discovered ecstasy pills in Ahmed's possession when Ahmed attempted to enter the United States at Detroit, Michigan. According to a CBP agent, Ahmed stated that, earlier in the year, he had been arrested by the Cook County Sheriff's Department (CCSD) in Illinois on a drug-related charge. Ahmed stated that he had been cooperating with the CCSD and that his possession of the ecstasy pills was a part of that cooperation. The CBP agent stated that he contacted the CCSD, and although the CCSD indicated that Ahmed was cooperating, the CCSD stated that the ecstasy discovered by CBP was not related to Ahmed's cooperation. In contrast, an email from Ahmed's attorney in Illinois indicated that Ahmed never cooperated with law enforcement in Illinois.

A complaint was issued against Ahmed when he was arrested. That complaint was dismissed on August 15, 2006. On June 6, 2007, a federal grand jury returned an indictment charging Ahmed with possessing with intent to distribute a controlled substance, conspiring to possess with intent to distribute a controlled substance, and importing a controlled substance, in violation of 21 U.S.C. §§ 841(a), 846, and 952. An arrest warrant was issued on the same day. Ahmed did not learn of the indictment or arrest warrant until over a year later in July 2008, when he was arrested.

Ahmed filed a motion to dismiss the indictment against him because the delay of over one year between the indictment and arrest violated his right to a speedy trial under the Sixth Amendment. (Doc. 9). At a hearing, the Court granted Ahmed's motion to dismiss and dismissed the indictment without prejudice. (<u>See</u> doc. 17).

## III. STANDARD OF REVIEW

Pursuant to E.D. Mich. LR 7.1(g)(3), in order for the Court to grant a motion for reconsideration, the movant must demonstrate that (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case. A "palpable defect" is an error "which is obvious, clear, unmistakable, manifest, or plain." Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001).

## IV. ANALYSIS

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In determining whether a defendant's right to a speedy trial has been violated, the Court considers four factors: (1) whether the delay was unreasonably long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant was prejudiced. Barker v. Wingo, 407 U.S. 514, 530 (1972).

There are two steps in the analysis of the length of the delay. First, the length of the delay must be sufficiently long to be "presumptively prejudicial." Id. Such a finding is necessary to trigger further analysis. Id. The Supreme Court has indicated that a delay approaching one year in length is presumptively prejudicial. Doggett v. United States, 505 U.S. 647, 652 n.1 (1992). Therefore, this Court finds that the delay in this case of just over one year also is presumptively prejudicial.

Accordingly, the Court now must consider the length of the delay and the other factors discussed in Barker to determine whether Ahmed's right to a speedy trial was

violated.  See id. at 652.  In considering the length of the delay, the Court notes that "the presumption that pretrial delay has prejudiced the accused intensifies over time."  Id.  As such, the delay in this case of just over a year yields only a minimal presumption that Ahmed was prejudiced by the delay.

The second factor involves consideration of whether the delay is due to the government or the defendant and the reason for the delay.  In this case, the delay was clearly caused by the government.  The government presented evidence indicating that it delayed arresting Ahmed because it believed he was cooperating with the CCSD.  Although Ahmed has presented evidence indicating he did not cooperate with the CCSD, Ahmed has not asserted, or presented evidence indicating, that the government delayed arresting Ahmed because it was motivated by bad faith or an attempt to obtain a tactical advantage.  See United States v. Schreane, 331 F.3d 548, 553 (6th Cir. 2003).  Accordingly, it appears that the government, at worst, negligently caused the delay by failing to ascertain the nature of Ahmed's involvement with the CCSD.

The third factor involves Ahmed's assertion of his right to a speedy trial.  Ahmed did not know of the indictment before he was arrested, and he filed the present motion to dismiss within three weeks of his arrest.  Accordingly, Ahmed has asserted his right to a speedy trial in a timely manner.

The fourth factor is the prejudice to Ahmed caused by the delay.  The Supreme Court has noted that a delay in a defendant's trial can prejudice the defendant by causing (1) oppressive pretrial incarceration; (2) anxiety and concern for the defendant; and (3) the impairment of the defendant's defense.  Doggett, 505 U.S. at 654.  None of these forms of prejudice are apparent in this case.  Ahmed was not incarcerated prior to

his arrest. In addition, because he did not know of the indictment, the indictment could not have caused him any anxiety or concern. Finally, Ahmed has not pointed to any way in which his defense was prejudiced by the delay, and no such prejudice is apparent. Furthermore, as previously discussed, there is no evidence indicating that the government was motivated to create the delay by a desire to obtain a tactical advantage. See United States v. Schreane, 331 F.3d 548, 559 (6th Cir. 2003) (stating that, "when a defendant is unable to articulate or demonstrate the harm caused by delay, the reason for the delay . . . will be used to determine whether the defendant was presumptively prejudiced" (quotation and alterations omitted)). Therefore, it appears that Ahmed was not prejudiced by the delay between the indictment and his arrest.

During the hearing on Ahmed's motion to dismiss, however, the Court granted the motion by relying, in large part, on its finding that Ahmed was prejudiced by the delay. The Court found that Ahmed was prejudiced by, among other things, the fact that the indictment prevented him from moving on with his life. But, as discussed above, Ahmed was not aware of the indictment during the delay. Thus, he was not prejudiced int his way. This error constituted a palpable defect that misled the Court. See Fleck, 177 F.Supp.2d at 624. Accordingly, in light of the preceding analysis, the Court grants the government's motion for reconsideration. See E.D. Mich. LR 7.1(g)(3).

## V.  CONCLUSION

The Court previously granted Ahmed's motion to dismiss based on its finding that he was prejudiced by the pretrial delay and that the pretrial delay violated his right to a speedy trial. But, both of these conclusions were erroneous. Ahmed was not

5

prejudiced by the delay. In addition, the delay of just over a year yields only a minimal presumption of prejudice, and the government did not have a bad faith motive for the delay. Therefore, Ahmed's right to a speedy trial was not violated by the delay between his indictment and arrest.

Accordingly, the Court **GRANTS** the government's motion for reconsideration and **DENIES** Defendant's motion for reconsideration. The indictment against Ahmed is **REINSTATED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: December 3, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK